**STARK & STARK, P.C.**
**By:   Ian Abovitz, Esquire**
**Attorney I.D. #307724**                          **Attorneys for Plaintiffs**
**777 Township Line Road, Suite 120**
**Yardley, PA 19067-5559**
**(267) 907-9600 telephone**
**(267) 907-9659 fax**
iabovitz@stark-stark.com

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Sanjay Walawalkar and** : | |
| **129 Meli Lane** : | |
| **Jackson, NJ 08527** : | |
| : | |
| **Plaintiff** : | |
| vs. : | |
| : | |
| **King of Prussia Mall** : | NO. 2:22-CV-03023 |
| **Louis Vuitton North America Inc.** : | |
| **Corporation Service Company,** : | |
| **Louis Vuitton, U.S.A Inc.** : | |
| **Corporation Service Company,** : | |
| **and** : | |
| **Simon Property Group, Inc.** : | |
| **c/o C.T. Corporation System** : | |
| **Defendants** : | |
| : | |

### FIRST AMENDED COMPLAINT

### PARTIES

1. Plaintiff, Sanjay Walawalkar is an adult individual residing at 129 Meli Lane, Jackson, NJ 08527.

2. Defendant, King of Prussia Mall, is a corporation or similar entity, with a registered address at 160 King of Prussia Plaza, PO Box 135, King of Prussia, PA 19406.

3. Defendant, Louis Vuitton North America Inc., is a corporation or similar entity, with a registered address at 2595 Interstate Drive, Ste 130, Harrisburg, PA 17110.

4. Defendant, Louis Vuitton, U.S.A Inc. is a corporation or similar entity with a registered address at 2710 Gateway Oaks Drive, Ste 150 N. Sacramento, CA, 95833.

5. Defendant, Simon Property Group, Inc., is a corporation or similar entity, with a principal place of business at 116 Pine Street – Suite 320, Harrisburg, PA 17101-1250.

## JURISDICTION

6. Paragraphs 1 through 5 are incorporated herein by reference.

7. Defendants filed a timely Notice of Removal from the Philadelphia Court of Common Pleas on August 1, 2022 alleging Diversity of Citizenship under 28 U.S.C. 1332(a)(1) and under the belief that damages are in excess of $75,000.

## FACTUAL ALLEGATIONS

8. At all times material to Plaintiffs' cause of action, Defendants, King of Prussia Mall, and Simon Property Group, Inc. (hereinafter "KOP Defendants") were the owners, possessors and maintainers of a certain property located at 160 N. Gulph Road, King of Prussia, PA 19406, commonly referred to as "King of Prussia Mall."

9. At all times material to Plaintiffs' cause of action, Defendants, Louis Vuitton, U.S.A. Inc, and Louis Vuitton North America Inc. (hereinafter "Louis Vuitton Defendants") were the owners, possessors and maintainers of a certain retail store located within the King of Prussia Mall at 350 Mall Blvd, Space 3008, King of Prussia, PA 19406 (hereinafter "subject property").

10. All of the acts alleged to have been done or not to have been done by the Defendants were done or not done by the Defendants, their agents, servants, workmen and/or employees acting within the course and scope of their employment and authority for and on behalf of said Defendants.

11. On or about August 1, 2021, Plaintiff, Sanjay Walawalkar, was a business invitee at the subject property and, while exercising due care and caution for his own safety, while waiting in line immediately outside of the Louis Vuitton store, was caused to slip, trip, stumble and fall by reason of the presence of a clear liquid on Defendants' floor on Defendants' property, thereby causing a dangerous, defective and hazardous condition.

12. Upon information and belief, the aforementioned liquid was perfume that had been sprayed or otherwise deposited on the floor by a customer at some point prior to Plaintiff's arrival at the subject property.

13. As a result of the aforesaid, Plaintiff, Sanjay Walawalkar, sustained serious, painful and permanent injuries as more particularly described herein.

## COUNT I – NEGLIGENCE

**Plaintiff, Sanjay Walawalkar vs. Defendants**

14. Plaintiff hereby incorporates the above referenced paragraphs, as fully as though the same were set forth here at length.

15. The negligence and carelessness of the Defendants consisted of the following:

(a) failing to remove the liquid from the floor of the subject property so as to assure that the business invitees like the Plaintiff were safe;

(b) failing to use ordinary care and diligence to keep and maintain the said area in a condition reasonably safe for its intended uses and free from all defects and conditions which would render it dangerous and unsafe for Plaintiff, or present an unreasonable risk of harm to him in his lawful use of the same;

(c) failing to exercise reasonable care to protect Plaintiff, by inspection and other affirmative acts, from injuries resulting from the liquid, thereby causing the said area and the

slippery, dangerous and unsafe conditions thereby resulting;

   (d) failing to have available sufficient personnel and equipment to properly inspect and maintain the aforesaid floor area in a condition reasonably safe for Plaintiff and free from defects and conditions rendering it unsafe;

   (e) failing to remove liquid from the floor area, thereby causing a dangerous and slippery condition;

   (f) failing to give due regard to the rights, present safety and position of the Plaintiff under the circumstances;

   (g) failing to warn Plaintiff of the dangerous and defective condition then existing upon the said area; and

  16. Defendants knew or should and could have known of the dangerous condition then existing on the subject property.

  17. Plaintiff's fall and resultant injuries were caused by the aforesaid acts of negligence on the part of Defendants or their agents, servants and/or employees, who failed to utilize reasonable care in the maintenance of said floor particularly in the presence of the liquid.

  18. As a result of the aforesaid, Plaintiff sustained injuries to his right arm including a partial tear of the rotator cuff, right leg, and lower back, with a severe shock to his nerves and nervous system, some or all of which Plaintiff has been advised are or may be permanent in nature.

  19. As a result of the accident aforesaid, Plaintiff has undergone great physical pain and mental anguish and he may continue to endure the same for an indefinite time in the future to his great detriment and loss.

  20. As a further result of the accident aforesaid, Plaintiff has been compelled to expend large sums of money for medicine and medical care in an effort to effect a cure of his

injuries, and he may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to his great detriment and loss.

21.     As a result of the accident aforesaid, Plaintiff has been unable to attend to his usual and daily duties and occupation and he will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

22.     As a further result of the aforesaid, Plaintiff has suffered a loss and depreciation of his earnings and earning power, and he may continue to suffer the same for an indefinite time in the future, to his great detriment and loss.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, for damages in excess of the jurisdictional limits.

Respectfully submitted:

**STARK & STARK, P.C.**

By: *Ian S. Abovitz*
_____
IAN S. ABOVITZ, ESQUIRE
*Attorneys for the Plaintiffs*

**STARK & STARK, P.C.**
**By:     Ian Abovitz, Esquire**
**Attorney I.D. #307724**                          **Attorneys for Plaintiffs**
**777 Township Line Road, Suite 120**
**Yardley, PA 19067-5559**
**(267) 907-9600 telephone**
**(267) 907-9659 fax**
iabovitz@stark-stark.com

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Sanjay Walawalkar and** : | |
| **129 Meli Lane** : | |
| **Jackson, NJ 08527** : | |
|     **Plaintiff** : | |
|  **vs.** : | |
| : | |
| **King of Prussia Mall** : | NO. 2:22-CV-03023 |
| **Louis Vuitton North America Inc.** : | |
| **Corporation Service Company,** : | |
| **Louis Vuitton, U.S.A Inc.** : | |
| **Corporation Service Company,** : | |
|   **and** : | |
| **Simon Property Group, Inc.** : | |
| **c/o C.T. Corporation System** : | |
|     **Defendants** : | |
| : | |

## CERTIFICATE OF SERVICE

  I, Ian S. Abovitz, Esquire, hereby certifies that a true and correct copy of the First Amended Complaint was served upon the party below via Eastern District of Pennsylvania e-filing on 8/11/22 by electronic mail to:

*Buchanan Ingersoll & Rooney PC*
*Geoffrey F. Sasso, Esquire*
*Two Liberty Place 50 S. 16th Street, Ste. 3200*
*Philadelphia, PA  19103*

        **STARK & STARK, P.C.**


       BY: */S/ Ian. S. Abovitz_____*
         *Attorney for Plaintiff*